*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* B. W. CHRITZ, Minor.

UNPUBLISHED
December 16, 2024
11:52 AM

No. 370419
Oakland Circuit Court
Family Division
LC No. 21-883135-NA

Before: RIORDAN, P.J., and BOONSTRA and YATES, JJ.

PER CURIAM.

Respondent appeals by right the trial court's February 23, 2024 order, entered after a preliminary hearing, which authorized a petition seeking the termination of her parental rights to her minor child, BWC. We dismiss this appeal for lack of jurisdiction.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Respondent is the mother of three children, SLS, EJS, and BWC. On February 19, 2024, Children's Protective Services (CPS) began an abuse and neglect investigation regarding suspected abuse of respondent's three-year-old son, EJS. During the investigation, respondent agreed to a safety plan that included placing BWC, the child at issue in this appeal, with his father in Midland County. On February 23, 2024, the Department of Health and Human Services (DHHS) filed a petition requesting that the court remove BWC from respondent's home, take jurisdiction over him, and terminate respondent's parental rights. BWC began to reside with his father under the agreed-upon safety plan beginning on that date. SLS and EJS were already court wards at the time this petition was filed; DHHS filed a supplemental petition that same day seeking the emergency removal of these two children.

Also on February 23, 2024, a referee held a hearing that encompassed both the preliminary hearing on the petition for BWC and the hearing on the emergency removal petition for SLS and EJS. At the preliminary hearing, the parties and the referee discussed BWC's existing placement with his father as part of the CPS safety plan; no party had any objection to that placement. The referee authorized the petition and stated that she would recommend to the trial court that BWC's placement with his father continue.

-1-

The trial court issued an order after the preliminary hearing on which a box was checked indicating that BWC's "removal date" was February 23, 2024[1]; however, although the order indicated that it would be contrary to BWC's welfare to remain in respondent's care and custody, it did not specifically direct BWC's removal from respondent's home, and instead noted BWC's "placement away from the home," presumably inasmuch as BWC was already residing with his father under the safety plan. This appeal, taken pursuant to MCR 3.993(A)(1), followed.

## II. STANDARD OF REVIEW

"Whether this Court has jurisdiction to hear an appeal is always within the scope of this Court's review." *Chen v Wayne State Univ,* 284 Mich App 172, 191; 771 NW2d 820 (2009). This Court reviews de novo the scope of this Court's jurisdiction. *In re McCarrick/Lamoreaux,* 307 Mich App 436, 445; 861 NW2d 303 (2014).

## III. ANALYSIS

This Court lacks jurisdiction over respondent's appeal. MCR 3.993(A)(1) provides in relevant part that a respondent in a child protective proceeding may take an appeal by right from, "any order removing a child from a parent's care and custody." "[A] child is removed from a parent's care and custody when he or she is taken from that parent's residence and placed in a different residence." *In re AJR*, 342 Mich App 1, 6-7; 993 NW2d 1 (2022).

The trial court's February 23, 2024 order does not fall within the provisions of MCR 3.993(A)(1). Although the order originally stated a "removal date" for BWC, it did not, by its language, actually order the removal of BWC from respondent's residence and placement into a different residence. *In re AJR*, 342 Mich App at 6-7. To the contrary, at the preliminary hearing, the referee determined that BWC's existing placement with his father should be continued, and the February 23, 2024 order reflected that. MCR 3.993(A)(1) is therefore inapplicable to the challenged order.

Dismissed for lack of jurisdiction.

/s/ Michael J. Riordan
/s/ Mark T. Boonstra
/s/ Christopher P. Yates

---

[1] The trial court later entered an order amending its February 23, 2024 order to, among other things, remove BWC's removal date.